■ Two Rector Company, Respondent, v Ebasco Services Incorporated, Appellant. Washington West Co., Respondent, v Ebasco Services Incorporated, Appellant. — Order, Supreme Court, New York County, entered March 5, 1980, which: (1) granted the motion for summary judgment of plaintiff-respondent Two Rector Company against defendant-appellant on plaintiff's first cause of action, (2) granted plaintiff's motion for summary judgment against appellant on the second cause of action insofar as it seeks amounts payable for the period April 1, 1973 to December 31, 1977, (3) denied appellant's cross motion for summary judgment, (4) ordered that plaintiff recover judgment from appellant in the sum of $395,687.54 plus interest , and (5) ordered the clerk to enter said judgment, and the judgment entered thereon on March 6, 1980, unanimously modified, on the law, to deny summary judgment to plaintiffs, without costs, and without prejudice to renewal of motions for summary judgment after completion of discovery, and otherwise affirmed. Order, Supreme Court, New York County, entered March 5, 1980, which: (1) granted the motion for summary judgment of plaintiff-respondent Washington West Co. against appellant on the first cause of action, (2) granted plaintiff's motion for summary judgment against appellant on plaintiff's second cause of action insofar as it seeks amounts payable for the period April 1, 1973 to December 31, 1977, (3) denied appellant's cross motion for summary judgment, (4) ordered that plaintiff recover judgment from appellant in the sum of $190,889.18 plus interest, and (5) ordered the clerk to enter said judgment, and the judgment entered thereon on March 6, 1980, unanimously modified, on the law, to deny summary judgment to plaintiffs, without costs, and without prejudice to renewal of motions for summary judgment after completion of discovery and otherwise affirmed. Defendant-appellant is the lessee of premises in two Manhattan office buildings. The plaintiff-respondent in each action is the owner of each premise. They and the managing agent of both premises have common principals and are collectively referred to as "plaintiff". The issues and papers in both actions are identical except for the amount of damages claimed. Plaintiffs moved for summary judgment in both actions, seeking to recover additional rent covering a five-year period under an escalation clause in the lease, based upon certain operating expenses including porter wages and fringe benefits. Disclosure was immediately stayed in accordance with CPLR 3214 (subd [b]), so that there has

been no discovery undertaken in the proceedings. Special Term painstakingly assumed the burden of fact and credibility resolution. However, as we said in *Kidder Peabody & Co. v General Cigar Co.* (77 AD2d 532) "The burden upon Special Term was not to resolve material issues of fact appearing on the motion, but only to determine whether any such existed. 'Issue-finding, rather than issue-determination, is the key to the procedure.' *(Esteve v Abad,* 271 App Div 725; *(Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395.)" An examination of this record leads us to conclude that at a minimum there are issues of fact between the parties concerning waiver and estoppel. Appellant should not be deprived of his opportunity, through discovery, to defend these actions. After completion of that discovery, plaintiffs may, if they are so advised, then move for summary judgment. Concur — Kupferman, J. P., Birns, Fein, Lupiano and Carro, JJ.